WEST v. HARLAN & HOLLINGSWORTH CORPORATION et al.   (No. 6150.)

(Supreme Court, Appellate Division, First Department.   October 16, 1914.)

CORPORATIONS (§ 665*)—FOREIGN CORPORATIONS—RIGHT TO SUE—JURISDIC-
TION.

 A foreign corporation cannot be sued in New York, nor can service of
summons upon it in that state be sustained, as conferring jurisdiction on
the New York courts, unless it appears that the corporation has prop-
erty within the state.

 [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2571, 2573,
2595–2600, Dec. Dig. § 665.*]

Appeal from Special Term, New York County.

Action by Frank West against the Harlan & Hollingsworth Corpo-
ration, impleaded, etc.   From an order denying defendant's motion to
set aside service of summons and complaint, it appeals.   Reversed.

See, also, 148 N. Y. Supp. 1150.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-
LIN, CLARKE, and SCOTT, JJ.

William H. Button, of New York City, for appellant.
Alexander A. Mayper, of New York City, for respondent.

PER CURIAM.   The order appealed from is reversed, with $10
costs and disbursements, and the motion granted, with $10 costs, upon
the ground that it does not appear that the defendant corporation had
property within this state.

------

(164 App. Div. 79)

JONES v. WOODIN et al.   (No. 65.)

(Supreme Court, Appellate Division, First Department.   October 16, 1914.)

APPEAL AND ERROR (§ 151*)—RIGHT TO APPEAL—"PARTY AGGRIEVED"—RE-
CEIVERS.

 Receivers appointed to take charge of the property of a corporation by
a foreign decree in order to protect the property were not entitled to sub-
stitute as parties defendant in place of the corporation in an action against
it in New York, nor were they "parties aggrieved," within Code Civ. Proc.
§§ 1296, providing that a person aggrieved, who is not a party, but is en-
titled by law to be substituted as a party, and who has acquired, since
the making of the order or the rendering of the judgment appealed from,
an interest which would have entitled him to be so substituted, if it had
been previously acquired, may appeal, etc.; and hence an appeal by them
was unauthorized.

 [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 947–
952; Dec. Dig. § 151.*

 For other definitions, see Words and Phrases, First and Second Series,
Aggrieved Party.]

Action by Frederick A. Jones against William H. Woodin and oth-
ers.   From a judgment for plaintiff, certain defendants appeal.   On
motion to dismiss.   Granted.

See, also, 150 App. Div. 900, 134 N. Y. Supp. 1136, and 162 App.
Div. 909, 146 N. Y. Supp. 1095.

------

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes